## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **ELEAZIER BANKS, et al.,** | } | |
| | } | |
| **Plaintiffs,** | } | |
| | } | |
| **v.** | } | **Case No.: 2:12-cv-01682-MHH** |
| | } | |
| **BIRMINGHAM BOARD OF** | } | |
| **EDUCATION,** | } | |
| | } | |
| **Defendant.** | } | |

## <u>MEMORANDUM OPINION AND ORDER</u>

The plaintiffs in this opt-in FLSA action allege that the defendant, the Birmingham Board of Education, failed to compensate them for work performed in excess of 40 hours per workweek. Among the more than 300 opt-in plaintiffs are these five Board employees: Tammra Harris, Doris Pope Howard, Eliza Means, LaGretta Moultry and David Rice. Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the Board has asked the Court to enter judgment on the FLSA claims of these five plaintiffs—as well as more than 200 other plaintiffs. The Board contends that these five plaintiffs cannot demonstrate that "they worked over 40 hours per week" during the relevant class period, "April 25, 2009 to April 25, 2012." (Doc. 157). Because the evidence in the record, viewed in the light most favorable to the plaintiffs, supports the Board's argument, the Court will

grant the Board's motion for summary judgment with respect to these plaintiffs'
claims. In a separate order, the Court will address the Board's motion with respect
to the balance of the plaintiffs identified in the motion.

## I.     SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is
no genuine dispute as to any material fact and the movant is entitled to judgment as
a matter of law." Fed. R. Civ. P. 56(a). To demonstrate that there is a genuine
dispute as to a material fact that precludes summary judgment, a party opposing a
motion for summary judgment must cite "to particular parts of materials in the
record, including depositions, documents, electronically stored information,
affidavits or declarations, stipulations (including those made for purposes of the
motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ.
P. 56(c)(1)(A).

When considering a summary judgment motion, the Court must view the
evidence in the record in the light most favorable to the non-moving party.
*See White v. Beltram Edge Tool Supply, Inc.*, 789 F.3d 1188, 1191 (11th Cir. 2015).
Accordingly, the Court presents the facts in this opinion in the light most favorable
to the plaintiffs. *See White*, 789 F.3d at 1191; *see also Feliciano v. City of Miami
Beach*, 707 F.3d 1244, 1252 (11th Cir. 2013) ("[W]hen conflicts arise between the
facts evidenced by the parties, [courts] must credit the nonmoving party's

version."). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

## II. ANALYSIS

The FLSA provides that in any given workweek, an employee shall not work "longer than forty hours unless such employee receives compensation for his employment . . . at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a). Thus, to trigger the FLSA's overtime protections, a plaintiff must establish that he or she worked more than 40 hours in a workweek. The opt-in class in this case consists of various categories of non-exempt employees who worked for the Board between April 25, 2009 and April 25, 2012. (Doc. 72-1). Therefore, as a threshold matter, to recover FLSA overtime wages, each opt-in plaintiff must be able to prove that he or she worked more than 40 hours in one or more workweeks between April 25, 2009 and April 25, 2012. None of the five identified plaintiffs can do so.

### A. Tammra Harris

During the relevant class period, Ms. Harris served as a CNP worker at Woodlawn High School. (Doc. 108-12, p. 2). As a CNP worker, Ms. Harris "cook[ed], serve[d], wash[ed] dishes, clean[ed] the lunchroom, put the leftover food up, mop[ped] the floor" and "t[ook] out trash." (Doc. 108-13, p. 3).

In her deposition testimony, Ms. Harris contends that the Board scheduled her to work 32.5 hours per workweek.  (Doc. 108-13, p. 3).  According to Ms. Harris, she generally began working off-the-clock 15 minutes before her shift began, and even though Ms. Harris was told to clock out by her school, she usually worked 30 minutes after her shift had ended.  (Doc. 108-13, pp. 3–8; Doc. 108-12, p. 2).  In addition, because she was "working off the clock preparing lunch, getting food out of the over, getting the food set up on the line and stuff like that," Ms. Harris asserts that she "didn't get a full 30-minute break."  (Doc. 108-13, p. 5; Doc. 108-12, p. 2).

Based on Ms. Harris's testimony, during the relevant class period, she worked 38.75 hours in a workweek.  (Docs. 108-12; 108-13).  Thus, although the record demonstrates that Ms. Harris worked more than her scheduled hours, she did not work more than 40 hours in a workweek.  Accordingly, the Court enters judgment for the Board on Ms. Harris's FLSA claim.

### B. Doris Pope Howard

According to Ms. Howard, during the relevant class period, she was a CNP worker at Carver High School.  (Doc. 108-26, p. 2).  In this role, "[i]f food was needed for breakfast," Ms. Howard states that she "would back up the breakfast line."  (Doc. 108-26, p. 2).  Ms. Howard also alleges that she "cook[ed] and

prepare[d] food for lunch, clean[ed] up the kitchen and equipment," and "put away left over food." (Doc. 108-26, p. 2).

During the relevant class period, Ms. Howard reports that she was scheduled to work 32.5 hours per workweek. (Doc. 108-26, p. 2). According to Ms. Howard, she began working off-the-clock 15 minutes before her scheduled start time; she did not receive a duty-free period "4 out of 5 days per week"; and she clocked out and continued working "off the clock" for approximately 30 minutes past her scheduled end time. (Doc. 108-26, p. 2).

Aggregating these hours, Ms. Howard can prove that she worked 38.25 hours per week, but she cannot establish that she worked more than 40 hours in a workweek. Therefore, the Court enters judgment for the Board on Ms. Howard's FLSA claim.

## C. Eliza Means

During the relevant class period, the Board employed Ms. Means as both a CNP worker and a CNP manager at Carver High School. (Doc. 109-6, pp. 1–2). Ms. Means explained that as a CNP worker, she was responsible for "cooking, cleaning, [and serving as a] cashier." (Doc. 109-6, p. 2). As a CNP manager, Ms. Means's duties included "[m]anaging employees, overseeing the daily function of the kitchen, paperwork, banking, cooking and cleaning." (Doc. 109-6, p. 2).

According to Ms. Means, she was scheduled to work 32.5 hours per week. (Doc. 109-6, p. 2). Ms. Means maintains that she "began her duties" 15 minutes before the start of her scheduled shift; that she "worked through [her] break everyday by constantly cooking and checking on [her] food"; and that she worked approximately 30 minutes after she had clocked out. (Doc. 109-6, p. 2). Ms. Means's evidence shows that, at most, she worked 38.75 hours in any given workweek during the relevant class period. (Doc. 109-6). Even crediting Ms. Means's evidence, Ms. Means cannot establish that she worked more than 40 hours in a workweek. Therefore, the Court enters judgment for the Board on Ms. Means's FLSA claim.

### D. LaGretta Moultry

Based on her evidence, Ms. Moultry began serving as a CNP worker at Hudson K-8 School in August 2014. (Doc. 109-10, p. 2). August 2014 falls outside of the class period in this case. Accordingly, because Ms. Moultry only alleges an August 2014 FLSA violation, the Court enters judgment for the Board on Ms. Moultry's FLSA claim.

### E. David Rice

For the 2010–2011 school year, David Rice was a CNP worker at Huffman High School, and for the 2011–2012 school, Mr. Rice was a CNP worker at Phillips Academy. (Doc. 109-36, p. 2). As a CNP worker at both schools, Mr.

Rice "[p]rep[ped] milk and juices for students, clean[ed] tables, ke[pt] [the] cafeteria clean and stock[ed]." (Doc. 109-36, p. 2).

At both schools, Mr. Rice explains that he was scheduled to work 35 hours per workweek. (Doc. 109-36, p. 2). Moreover, according to Mr. Rice, he began working approximately 15 minutes prior to the start of his scheduled shift in the mornings; worked through his 30-minute duty free period "3 out of 5 days per week, although [he was] required to clock out for it"; and left work in the afternoons "at [his] scheduled time." (Doc. 109-36, p. 2). Based on the information that Mr. Rice provided, during the relevant class period, he worked 37.75 hours per workweek. (Doc. 109-36). That is not adequate to meet the 40-hour threshold for recovering overtime wages under the FLSA. Therefore, the Court enters judgment for the Board on Mr. Rice's FLSA claim.

## IV. CONCLUSION

For the reasons discussed above, the Court enters judgment for the Board on the claims of Tammra Harris, Doris Pope Howard, Eliza Means, LaGretta Moultry, and David Rice. The Court will address the balance of the Board's motion for summary judgment by separate order.

**DONE** and **ORDERED** this July 28, 2017.

_Madeline H. Haikala_
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE