FILED

2019 Sep-26  PM 02:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **ELEAZIER BANKS, et al.,** | } | |
| | } | |
| **Plaintiffs,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:12-cv-01682-MHH** |
| | } | |
| **BIRMINGHAM BOARD OF EDUCATION,** | } | |
| | } | |
| **Defendant.** | } | |

## ORDER

The named and opt-in plaintiffs in this Fair Labor Standards Act (FLSA) action seek overtime wages that they allege the defendant, the Birmingham Board of Education, did not pay them when they worked more than 40 hours in a workweek.  The Court certified an opt-in class that consists of "all classified non-exempt employees who have worked at the Board's 49 schools during the three year period preceding the filing of this lawsuit."  (Doc. 54, p. 17).  After an early and extended effort at mediation with a magistrate judge, the Court began efforts to determine which of the 309 named and opt-in plaintiffs could proceed with their claims against the Board.[1]

---

[1] Initially, the plaintiff class consisted of 318 named and opt-in plaintiffs.  (Docs. 4, 7, 73, 74, 77, 78, 83, 90).  The Court dismissed the claims of nine of the plaintiffs, leaving the claims of 309 plaintiffs pending.  (*See* Docs. 54, 140, 200).  The nine former plaintiffs are Daryl Carr, Tammra

Toward this end, on November 30, 2016, the Court issued the following order:

On November 28, 2016, the Court held a telephone conference with the parties to discuss discovery that plaintiffs' counsel contended the plaintiffs need to respond to the Birmingham Board of Education's partial motion for summary judgment. (Doc. 148). Because plaintiffs' counsel acknowledged that the plaintiffs are not seeking compensation for straight time in this Fair Labor Standards Act (FLSA) action, the Court granted the Board's summary judgment motion pertaining to straight time. (Doc. 150). Under the FLSA, an employer must pay a non-exempt employee overtime compensation if the employee works more than 40 hours in any workweek. *See* 29 U.S.C. § 207(a). Therefore, a plaintiff in this FLSA action may recover damages only if the plaintiff can prove that (s)he worked more than 40 hours in a workweek in the class period.

In the motion for partial summary judgment that the Board must file by January 6, 2017, the Board shall identify each member of the opt-in plaintiff class who the Board contends did not work more than 40 hours in a workweek during the class period. The Board shall provide evidence to support the Board's contention with respect to each opt-in plaintiff who the Board identifies in its motion.

To avoid dismissal of his or her overtime claim, each opt-in plaintiff who the Board identifies in its upcoming motion for summary judgment must provide evidence that demonstrates that the employee worked more than 40 hours in a workweek during the class period. The mere fact that the Board designated an employee as a 37.5-hour employee rather than a 40-hour employee is not dispositive as a matter of law. By way of example, if a custodian can demonstrate that during a workweek within the class period, he worked 5 hours beyond his 37.5 scheduled hours, then the custodian may seek 2.5 hours of overtime compensation because he worked 42.5 hours in a workweek, exceeding the FLSA's 40-hour workweek overtime threshold by 2.5 hours. However, if the custodian was scheduled to work 37.5 hours per week,

---

Harris, Doris Pope Howard, Eliza Means, LaGretta Moulty, David Rice, Andrea Scott, Andrea Stallings, and Rhonda Yancey. (Doc. 140-2; Doc. 200, p. 1). The parties were in mediation with Chief Magistrate Judge Ott for just over one year. (Doc. 88; Doc. 137; Doc. 139); (*see also* minute entry dated Nov. 3, 2016) ("Status Conference held on 11/3/2016.").

and he can show only that he worked 2 hours beyond his 37.5 scheduled hours, then the custodian would not have a viable overtime claim under the FLSA because he worked only 39.5 hours, thus falling short of the FLSA's 40-hour workweek overtime threshold.   If a 37.5-hour employee cannot present evidence that demonstrates that the employee worked more than 40 hours in a workweek during the class period, then that employee should withdraw his opt-in notice. After examining the evidence presented by each plaintiff who attempts to prove that he or she worked more than 40 hours in a workweek during the class period, the Court will rule on the Board's January 2017 summary judgment motion.

(Doc. 151).[2]

On December 30, 2016, the Board moved for summary judgment on the FLSA claims of 248 plaintiffs.  (Doc. 157).  The plaintiffs filed their initial response to the summary judgment motion on February 25, 2017.  (Doc. 176).  On July 28, 2017, the Court granted the Board's motion with respect to five plaintiffs.  (*See* Doc. 200) (dismissing the claims of Tammra Harris, Doris Pope Howard, Eliza Means, LaGretta Moultry, and David Rice).

Following a series of notices and orders, the Board eventually directed its motion for summary judgment toward 147 plaintiffs.  The Board argued that none of the 147 plaintiffs worked more than 40 hours in a workweek during the class period.  (Docs. 187, 201, 207, 211, 212).[3]  The plaintiffs moved to strike the time

---

[2] The plaintiffs sought reconsideration of Doc. 151.  (Doc. 156).  The Court denied the request for reconsideration.  (Doc. 161).

[3] The Board initially moved for summary judgment on the claims of 248 plaintiffs.  (Doc. 157). The Board amended its motion to request summary judgment on the claims of only 222 plaintiffs, but the Board identified Alicia Robinson twice in its list of the 222 plaintiffs.  (Doc. 187).  The

records that the Board offered in support of its motion for summary judgment.  (Doc.

199).  The Court gave the Board an opportunity to develop its summary judgment

---

Board later acknowledged that it included in its motion the claims of two plaintiffs whose claims the Court already has dismissed with prejudice.  (Doc. 201).  Additionally, the Board moved for summary judgement as to the claims of six opt-in plaintiffs (Juanita Freeman, Wanda Holt, Geraldine Parker, Rosalind D. Scott, Rhonda Smith, and Valerie Thomas) who did not file consent forms with the Court, (Docs. 187, 206); the Court already had denied the Board's motion as moot as to those six individuals. (Doc. 207).  Finally, on January 24, 2018, the Board moved to amend its motion for partial summary judgment by withdrawing 66 plaintiffs from the motion, and the Court granted the Board's request.  (Docs. 211, 212).  The Board did not move for summary judgment with respect to the plaintiffs not identified in its amended motion for partial summary judgment.

The Board's motion for partial summary judgment, as amended, pertained to the claims of the following plaintiffs:  Linda Aaron, Regina Adams, Carol Ann Allen, Carolyn Amison, Willie L. Armstrong, Edith Atmore, Geneva Bailey, Larry Batain, Jerri Betts, Alfred Birchfield, Wanda M. Bledsoe, Wilda Boldin, Alfredia Brooks, Angel Brown, Allie Butler, Angela Butler, Gwendolyn A. Cabbil, Cassandra Carmichael, Carolyn Carr, Ollie Chaney, June Moon Childress, Harold Childress, Derrick Clark, Bernice Campbell Clay, Larry Cole, Olivia Coleman, Tamika Colley, Holliann Conley, Hazel R. Copeland, Vanessa Cotton, Etoria Crocker, Shirina Davenport, Macie E. Dorrough, Annie Drake, Marcella Dunham, Vince Eaton, Angela English, Tamika Everheart, Phillis J. Famuyiwa, Linda Fletcher, Cheryl Gaines, Sharron P. Gary, Barbara Hampton, Tesea A. Hardin, Tarris E. Harris, Alberta Hayward, Andraina Henry, Beverly Ann Hicks, Connie Hill, Julia Hinson, Valerie Holley, Lula Howard, Kevin W. Howard, Carolyn Hughes, Angela Jackson, Sharon Jackson, Cornelia Jeffrey, Diane Johnson, George Keahey, Kelvin L. Kimble, Gwendolyn E. King, Mary Lake, Jeanetta Lee, Shedred Lewis, Angela Lewis, Servilla Lilly, Tenell Marshall, Lekeytia McCall, Patricia C. McCurdy, Wilberta McKinnon, Jeletter McMillan, Sharon L. Miles, Elodia Miller, Denise Mitchell, Veronica Moore, Pamela Moore, Linda Mosley, Susan Moss, Tammy D. Murphy, Debra Myers, Joann Nance, Oliver B. Nelms, Kelvin Newsome, David Nixon, Linda Nobles, Phillip Owens, Sundara Owens, Patsy Perry, Rosalyn Pierce, Annie Purifoy, Willie L. Rancher, Cheryl Ray, Wanda Gail Reese, Emma B. Reynolds, Edna R. Rhinehart, Jacqueline D. Rice, Debra Robinson, Harold J. Robinson, Alicia Robinson, Andre Robinson, Jr., Jennifer Jackson Ross, Larry A. Sanders, Rachel Sanders, Sarah Scott, Eloise W. Shaw, Theresa M. Sheppard, Electa Simpkins, Viola P. Skinner, Constance Smith, Diane Smith, Elaine Stewart, Beverly Storey, Marion Street, Joan Sweeney, Delores P. Taylor, Sandra F. Thomas, Jacqueline L. Thompson, Vanessa Tolbert, Helen Toney, Vickie Townes, Rosie Trimble, Mariah E. Tripp, Chico R. Upshaw, Michael Walker, Leneitha Walker, Barbara Walker, Nathaniel Walton, Cora Ward, Kenny Washington, Emma Lee Watkins, Jacqueline Welch, Theresa A. White, Adriene Y. White, Viola L. Williams, Terri O. Williams, Larry Williams, Barbara J. Wilson, Belinda Wine, Jacqueline Winston, Gwendolyn Witherspoon, Roderick Womack, Sr., and Gisela Woods.

evidence. (Docs. 208-214). The Board completed its evidentiary submissions on February 9, 2018. (Doc. 215). On February 12, 2018, the plaintiffs requested additional time to submit evidence in opposition to the motion for summary judgment. The Court granted two extensions. (Docs. 216-19). On March 8, 2019, the plaintiffs filed additional opposition to the Board's summary judgment motion. (Docs. 220-223).[4]

On May 29, 2018, the Court granted in part and denied in part the Board's motion as to the 142 plaintiffs whose claims were before the Court on the Board's amended summary judgment motion. (Doc. 227). The Court found that the evidence in the record, viewed in the light most favorable to the plaintiffs, created a disputed question of fact regarding the Board's payment of overtime wages to 99 of the 142 plaintiffs. (Doc. 227, pp. 3-4). For the remaining 43 plaintiffs, the Court concluded that the plaintiffs' evidence was insufficient to create a disputed question of fact as to overtime wages. (Doc. 227, p. 4). The Court granted the Board's motion for summary judgment as to those 43 plaintiffs. (Doc. 227, pp. 52-53).

Significantly, 17 months elapsed between the date on which the Board filed its motion for summary judgment regarding plaintiffs who the Board contends worked fewer than 40 hours in a workweek and the date on which the Court resolved

---

[4] On March 8, 2018, the plaintiffs asked for permission to file additional evidence. (Doc. 224). The Court granted the motion, (Doc. 225), but the plaintiffs did not file additional evidence.

the motion.  And 18 months elapsed between the date on which the Court gave the plaintiffs specific instructions about the evidence they would need to submit to avoid summary judgment (Doc. 151) and the date on which the Court resolved the Board's summary judgment motion.

The plaintiffs have asked the Court to amend its summary judgment order and deny the Board's motion for summary judgment on the claims of the 43 plaintiffs as to whom the Court entered judgment for the Board.  (Doc. 231).  Eleven of the 43 plaintiffs attached affidavits in support of the motion to amend.  The plaintiffs who submitted affidavits signed the affidavits after the Court ruled on the Board's summary judgment motion.  (Docs. 231-1, 231-2).[5]  The plaintiffs submitted executed discovery responses for plaintiff Theresa Sheppard.  (Doc. 231-4).  The discovery responses were verified on March 2, 2018.  (Doc. 231-4, p. 4).  The plaintiffs assert that they inadvertently omitted from their March 8, 2018 summary judgment submissions Ms. Sheppard's verified discovery responses.  (Doc. 231, p. 3, ¶ 10) (describing the discovery responses as an affidavit "which should have been filed with the Plaintiffs' Doc. 221").  The 30 plaintiffs who did not submit evidence in support of the motion to amend request:

> an additional thirty (30) days to providing [sic] an affidavit regarding the Court's analysis of the Board's time record and their off-the-clock

[5] The 11 plaintiffs with new affidavits are:  Alfred Birchfield, Allie James Butler, Alberta Banks Hayward, Shedred Lewis, Patricia C. McCurdy, Sharon Miles, Elodia Miller, Kelvin Newsome, David L. Nixon, Andre-Robinson, Jr., and Belinda Sellers.  (Docs. 231-1, 231-2).

> hours which did not and could not possibly appear on the record.
> Plaintiffs request[] the Court set this matter for hearing and upon said
> hearing alter or amend the Court's Order granting partial summary
> judgment to the Birmingham Board of Education on Plaintiffs who
> were dismissed from the case based on the time record summary
> submitted by the Board.

(Doc. 231, p. 4).

With the exception of Ms. Sheppard, the Court will not consider new evidence concerning the plaintiffs on whose claims the Court entered judgment in favor of the Board, and the Court will not amend the judgment. "In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." *Wallace v. Holder*, 846 F. Supp. 2d 1245, 1248 (N.D. Ala. 2012). A motion to reconsider or amend "cannot be used to relitigate old matters, raise [new] argument or present evidence that could have been raised prior to the entry of judgment." *Hasanti v. Sec'y, Fla. Dep't of Corr.*, 729 Fed. Appx. 912, 913 (11th Cir. 2018) (quoting *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010)) (alterations in original omitted). "The only grounds for granting" a motion to reconsider or amend "'are newly-discovered evidence or manifest errors of law or fact.'" *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)).

When "a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion." *Mays v.*

7

*U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997); *see also Rossi v. Troy State Univ.*, 330 F. Supp. 2d 1240, 1249 (M.D. Ala. 2002) (rejecting reconsideration based on new deposition testimony because the plaintiff "failed to submit the evidence prior to the court's [ruling] and failed to show good cause why he could not have done so"). Most of the 43 plaintiffs who have asked the Court to amend the judgment in the Board's favor on their FLSA claims have offered no evidence in support of their motion. For those who have submitted new affidavits, no plaintiff has demonstrated that the information in the affidavit was not available over the 17 months that the Board's summary judgment motion was pending. (Docs. 231-1 thru 231-4). And other than Ms. Sheppard, none of the 43 plaintiffs has explained why (s)he did not comply with the Court's order describing the evidence that plaintiffs would have to submit to avoid the Board's summary judgment motion. (Doc. 151).

The record indicates that Ms. Sheppard was prepared to oppose the Board's summary judgment motion with timely evidence, but her counsel inadvertently omitted her discovery responses from the record. Under the circumstances – which include multiple opportunities that the Court gave the Board to fine tune its motion and supplement its evidence (*see*, *e.g.*, Doc. 212, p. 3) – the Court grants the plaintiffs' motion as to Ms. Sheppard, accepts her summary judgment evidence, and denies the Board's summary judgment motion with respect to her FLSA claims. Given the number of plaintiffs whose FLSA overtime claims remain pending, the

8

Board will not be prejudiced by this amendment that reinstates the overtime claim of one plaintiff.

The other 42 plaintiffs have not demonstrated manifest error in the Court's summary judgment opinion. The 42 plaintiffs argue only that they can present evidence that will save their claims. The time for that has passed. Consequently, the Court denies those 42 plaintiffs' motion to amend. The Court will not reconsider the summary judgment order in favor of the Board on the FLSA claims of those 42 plaintiffs.

**DONE** and **ORDERED** this 26th day of September, 2019.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE